McCAUGHEY, Respondent, vs. McCAUGHEY, Appellant.

*March 2—March 23, 1915.*

*Divorce: Alimony: Remarriage of husband.*

In this case, although the former husband has remarried, has a second family to support, is financially involved, and is subject to heavy expenses, yet, in view of his income, the amount which he should pay to his divorced wife for alimony and for the support and education of minor children is fixed at $100 per month until the youngest child attains majority, and for alimony thereafter is fixed at $83.33 per month.

APPEAL from an order of the circuit court for Milwaukee county: ORREN T. WILLIAMS, Circuit Judge. *Modified and affirmed.*

This is an appeal by the divorced wife from an order fixing alimony, which order was made twelve years after the original judgment of divorce. The parties were married April 9, 1886, and resided at Greenville, Ohio, where four children were born to them, viz.: Vaughan, July 7, 1887; William, November 19, 1892; Paul, September 3, 1894; and Mary, February 2, 1898, all of whom are still living and the two elder self-supporting. The plaintiff removed to Milwaukee in August, 1900. The defendant did not come with him nor did the children, and in September, 1901, plaintiff commenced an action of divorce in the Milwaukee superior court, alleging desertion in that the defendant refused to come to Milwaukee and live with him. Service was made by publication and mailing, and judgment of divorce was rendered January 22, 1902, upon the ground of desertion. The plaintiff was then earning about $1,200 a year. The children were left with the mother, and the judgment provided that the plaintiff pay the defendant $25 per month for the support of the children until the further order of the court, and that the amount of alimony to be paid be left to the further order of the court. The sum so adjudged was paid regularly up to

February 1, 1910, when, as the result of negotiations between the parties, it was agreed that $50 per month should be paid as alimony and for support of the minor children. This sum was regularly paid until May, 1914, when the defendant filed her petition praying that she be allowed $100 a month for alimony and $100 a month for the support and education of the minor children. The matter was tried on affidavits.

On the part of the petitioner it appeared that she had taken care of the children since the decree of divorce; that the two elder had become self-supporting; that the third (who will reach his majority in September, 1915) and the fourth (who will reach her majority in February, 1919) are attending school, the boy being at Kenyon College; that the petitioner is fifty-two years of age and not physically strong; that she has no property except a small dwelling house and lot worth $1,600 or $1,700 at Greenville, Ohio, and that she can expect financial assistance from no one; that the plaintiff married again soon after the divorce and has two children by said second marriage, aged eleven and four years respectively; and that the plaintiff has considerable property and has been earning in the neighborhood of $12,000 to $15,000 per year for several years as a general agent at Racine, Wisconsin, of the Northwestern Mutual Life Insurance Company. The plaintiff by his answer to the defendant's petition denied that he was earning $12,000 to $15,000 annually and alleged that his annual earnings, after paying the expenses of conducting his business, did not exceed one half of said sum. He admitted assets January 1, 1914, amounting to $48,694.25 (of which $20,000 represented his homestead at Racine), and alleged liabilities (including a mortgage of $14,000 on the homestead) of $47,668. He admitted a gross income of $20,788.01 in the year 1913 and alleged disbursements during that year of $13,587.64, of which $3,072 consisted of payments on the mortgage on his homestead. He alleged that his business varied greatly from year to year; that it was smaller in 1913

than in 1912 and for the first three months of 1914 was very much smaller than for the first three months of 1913, being gross $2,063.16 for the former period and $2,478.59 for the latter; that his principal item of assets outside of his homestead consisted of stock in the Racine Manufacturing Company of the par value of $12,500, but of the actual cash value of only about thirty-five cents on the dollar; that his right to renewal commissions had been assigned to a bank at Racine as collateral security for $8,000 borrowed by him of said bank; also that his life insurance policies, having a cash valuation of $4,652.20, were pledged for loans aggregating $3,368.

The court ordered the plaintiff to pay $50 per month for alimony and for the support and education of the minor children, and from that order the defendant appeals.

*John A. McCormick,* for the appellant.

For the respondent there was a brief by *Gittings & Janecky,* and oral argument by *A. R. Janecky.*

Winslow, C. J.    Although the divorce here was granted on the ground of desertion by the wife, it is not intimated that she was guilty of any serious moral dereliction.    Indeed the fact that she was given the care of the four children and apparently has brought them up to be useful citizens, with relatively very small assistance from her divorced husband, seems to be fairly good proof of her character and of her right to the favorable consideration of the court.

It seems that she is now in poor health, is obliged to maintain an aged mother in addition to the two children still minors, and has neither education, training, nor opportunity to engage in labor outside of her household duties.

We do not overlook the fact that the plaintiff has remarried and has a second family to support, nor the further fact that he is evidently financially involved and is subject to heavy expenses.    It remains true, however, that even on his own

showing he is in receipt of an income of six to seven thousand dollars a year, which has amounted to double those figures within a few years and is very likely to do so again. It is also true that a part of this income is continuous and automatic, *i. e.* the commissions from renewals of policies.

Under all the circumstances we think the trial court should have made a larger allowance to the defendant.

The order should be modified so as to require the plaintiff to pay the defendant the sum of $100 per month for alimony and for the support and education of the minor children of the parties until February 1, 1919, and after that date the sum of $83.33 per month as alimony until the further order of the court; such payments to be made on or before the 10th day of each month.

*By the Court.*—Order modified as indicated in the opinion, and as so modified affirmed, with costs to the appellant.